# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

SIMEON JOEL BRIGGS, :

    Petitioner :

                            CIVIL ACTION NO. 3:19-0713

v. :

                            (Judge Mannion)

DAVID J. EBBERT, :

    Respondent :

## **MEMORANDUM**

Simeon Joel Briggs, an inmate confined in the United States Penitentiary, Lewisburg, ("USP-Lewisburg"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). Petitioner claims that "the defendants have been lying, filing false documents, bias malpractice, unprofessional, not doing their jobs by providing [him] with mental health treatment according to records they refused to enter into [his] file." Id.

Specifically, Petitioner raises the following three grounds:

1. The Chief of Psychology, Dr. J. Enigk used the disciplinary proceedings to retaliate on [Petitioner] when [he] sent a cop out asking for her to stay away from [his] cell and the incident report got dismissed, proving she lied in order to get back at [Petitioner]. Then she lied and used HIPAA law in order to not get [his] medical records from RIDOC.

1

>    2. Petitioner have these Bradley Hospital records to Dr. A. Brockman in which she put part of one page in [his] file and did not submit nothing else.
>
>    3. The form from RIDOC says continuation of care in which I'm not getting and the Chief files the same diagnosis in [his] file in everybody's file which is not true.

Id. For relief, Petitioner seeks the Court "to order for a private investigator to come with a psychiatrist and speak to every inmate that has an issue with psychology, also to look into every inmates' file and see what is their diagnosis and cross examine psychology staff to see if they are fit for this job" and "ask psychology what type of treatment they give to the inmates and to have [Petitioner] evaluated by a psychiatrist so [he] can be properly treated as needed." Id.

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa. 1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's challenge to the conditions of his confinement is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner complains of the

mental health care he has received at USP-Lewisburg. This alleged deprivation, however, does not affect the length of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a <u>Bivens</u>[1] action. Consequently, the petition will be dismissed without prejudice to any right Briggs may have to reassert his claim in a properly filed civil rights complaint.

### III.  Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

     s/ *Malachy E. Mannion*
     **MALACHY E. MANNION**
     **United States District Judge**

**Date: July 10, 2019**
19-0713-01

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).